Plaintiff lessee brings this action to recover of defendant lessor the sum of $100 alleged to have been deposited by him with the latter as collateral security for the payment of rent de a certain store in Waterbury to be used as a barber shop for the term of three years for the annual rent of $600 a year payable in advance monthly installments, "the said $100 to be applied as the payment of rent for the last two months of the (three-year) lease." The complaint further alleges that the lease was in writing (a copy has now been filed) and was executed by the parties on April 30, 1942; that the three-year term was to commence on May 1, 1942; that on August 18, 1942, plaintiff was inducted into the armed forces of the United States (amendment); and that plaintiff gave oral notification to defendant of his induction within a week thereafter (amendment). The amendments referred to are in compliance with defendant's earlier motion for a more specific statement.
Plaintiff's alleged cause of action is expressly based upon *Page 268 
the Federal Soldiers' and Sailors' Civil Relief Act of 1940 (54 Stat. 1178; U.S. Code, tit. 50, Appendix, §§ 501-585, as amended by the amendatory Act of October 6, 1942 [56 Stat. 769]) and defendant's refusal to return the $100 to plaintiff. It is sufficient to say that the $100 in question was turned over by plaintiff to defendant upon the execution of the lease in compliance with the first paragraph thereof "as collateral security for the payments of the rent" provided in the lease and "to be applied as the payment of the rent for the last two months" of the three-year term.
Defendant demurs on five grounds. The fourth ground is deemed decisive of the question as to whether plaintiff has alleged a cause of action under the Act of Congress. The fourth ground states that the complaint "fails to allege performance of the condition precedent to lawful termination of a lease of business premises as provided in Sec. 304(2)[*] of [*] 56 Stat. 772; U.S. Code, tit. 50, Appendix, § 534(2). the Soldiers' and Sailors' Civil Relief Act, viz. `notice in writing delivered to the lessor (or his grantee) or to the lessor's (or his grantee's) agent by the lessee at any time following the date of the beginning of his period of military service'."
The Federal statute in question expressly requires the giving of a written notice de termination of a lease by the inducted lessee to his lessor, or lessor's grantee, or to the lessor's or his grantee's agent. The requirement of written notice is in the nature of a condition precedent to authorized termination of the lease by Federal mandate. On principle, the Federal statute bears a certain analogy in this respect to the requirement of written notice to a municipality for injuries alleged to result by reason of a defective highway. (See Gen. Stat. [1930] § 1420.) Unlike the Connecticut statute which specifies the time when such written notice is to be given (icy highway, within ten days; an otherwise defective highway, within sixty days), the Federal statute recites that such notice in writing is to be given by the lessee to his lessor "at any time following the date of the beginning of his military service." The bringing of suit cannot satisfy the requirements of the Federal statute in question de written notice since the statute, unlike the cited Connecticut statute, contains no provision to the effect that a notice in writing is obviated if suit is commenced within the time limited for the giving of the required written notice. *Page 269 
Research by counsel and the court has uncovered no case in this or any other jurisdiction in which this precise question has been considered heretofore. Had plaintiff been able to allege that a notice in writing had been given to the defendant lessor, or her agent, following the date of his induction, his complaint then would have withstood the fourth ground of the interposed demurrer. See Patrikes vs. J. C. H. ServiceStations, Inc., 180 Misc. 917, 41 N.Y.S.2d 158; Anno. 145 A.L.R. 1479, 1481.
Whether or not the other four grounds (one, two, three and five) of the demurrer are sound need not be specifically discussed in view of the disposition on the fourth ground considered at some length. It would seem, however, that the first and second grounds are entirely dependent upon the fourth ground herein considered; and that the third and fifth grounds require no consideration in view of what has been said relative to plaintiff's pleadings as a whole.
 Accordingly, the defendant's demurrer is sustained as to the first, second and fourth grounds thereof, and overruled without prejudice respecting the third and fifth grounds. By this disposition the court intends to be understood as meaning that in the event plaintiff amends his complaint at a later date the defendant will have the right to renew a demurrer on either or both grounds overruled herein for present purposes